NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN JACKSON, : | |
| : | Civil Action No. 11-3392 (SRC) |
| Petitioner, : | |
| : | OPINION |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

**CHESLER**, District Judge

*Pro se* Petitioner Steven Jackson (hereinafter "Jackson" or "Petitioner"), a prisoner currently confined at the United States Penitentiary Big Sandy in Inez, Kentucky, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on the alleged violation of his Sixth Amendment right to the effective assistance of counsel. Specifically, Jackson maintains that the failure of his counsel, Larraine Gauli-Rufo and Patrick McMahon (hereinafter "Counsel"), to perform a thorough investigation of the crime scene and present a defense of officer misconduct on his behalf, gave rise to a Sixth Amendment violation. Petitioner additionally asserts a Fourth Amendment violation, arising out of this Court's refusal to conduct an evidentiary hearing on his suppression motion. The Respondent, the United States of America (hereinafter "the Government"), filed its Answer, as ordered by the Court. The Government opposes the petition on grounds that Petitioner's ineffective assistance of counsel

claim is not legally cognizable since his Counsel acted effectively and since Petitioner was not prejudiced by any of their actions or inactions. The Court has considered the papers filed and for reasons discussed below, denies Petitioner's section 2255 motion.

I.  **BACKGROUND**

According to the Government, on December 31, 2006, two Newark police officers, Michael Giordano and Louis Weber, were parked in an unmarked police car when they witnessed Petitioner sell drugs to three customers outside of 7 Riverview Court in Newark, New Jersey. The Government contends that the officers approached Petitioner, identified themselves as police officers, and attempted to arrest him. Subsequently, the Government avers that Petitioner dropped one bag containing heroin and fled into 7 Riverview Court, where the police were able to apprehend him. Upon searching Petitioner, police recovered an additional bag containing cocaine, as well as a loaded gun.

Petitioner was subsequently charged with, and pled not guilty to, the following three counts: (1) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a) & (b)(1)(C) and 18 U.S.C. § 2, (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), and (3) possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1)(A). On February 29, 2008 Petitioner was found guilty by a jury verdict on all three counts.

Jackson appealed the verdict of the trial court, and on January 29, 2010, the Third Circuit affirmed the conviction. Petitioner also filed a petition for certiorari in the United States Supreme Court, which was denied on June 14, 2010. Jackson has now moved to vacate, set aside

or correct his sentence, pursuant to 28 U.S.C. § 2255.

**II.      DISCUSSION**

Jackson is a *pro se* petitioner.  A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers.  *Haines v. Lerner*, 404 U.S. 519, 520 (1972).  Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance.  *Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  However, even applying this generous standard, the Court finds that Petitioner's § 2255 petition must be denied.

**A.      Ineffective Assistance of Counsel Claim**

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence as having been imposed in violation of the Constitution.  *United States v. Nino*, 878 F.2d 101, 103 (3d Cir. 1989).  In considering a motion brought pursuant to section 2255, the Court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Garvin*, 270 F. App'x 141, 143 (3d Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005)).  Moreover, the Court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief."  *Gov't of Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).  As the discussion below will illustrate, the facts concerning Petitioner's habeas corpus claim are clear, and the Court has determined that no hearing is necessary.

In this section 2255 motion, Petitioner collaterally attacks his sentence based on the claim

3

that he was denied his Sixth Amendment right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970) (holding that Sixth Amendment guarantee of assistance of counsel to accused in criminal prosecution includes right to effective assistance of counsel). The Supreme Court decision in *Strickland v. Washington*, 466 U.S. 668 (1984) sets forth the standard for establishing a claim that a habeas petitioner's Sixth Amendment right of effective assistance of counsel has been violated. The *Strickland* Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. The Third Circuit has stressed that relief under § 2255 based on a claim of ineffective assistance of counsel requires that the petitioner satisfy both prongs of the *Strickland* test: a breach of duty and prejudice as a result of that breach. *Nino*, 878 F.2d at 103-04. The petitioner bears the burden of proof to demonstrate ineffective assistance of counsel. *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980).

      Petitioner has not met this burden. Petitioner argues that his Counsel's performance was deficient since they did not perform a thorough investigation of the crime scene, as evidenced by their failure to: (1) dispute the arresting officers' testimony concerning the distance of their observations, (2) introduce how the door the officers claimed to have chased Petitioner through was not accessible from the outside, and (3) call two witnesses who would have refuted the

police officers' account of the events leading up to Petitioner's arrest.  However, Counsel repeatedly addressed the validity of the officers' testimony concerning the distance from which they observed Petitioner selling drugs, both in the direct examination of the investigator for the Federal Public Defenders Office and in the cross-examinations of the arresting officers.  The observation distance issue was also emphasized in Counsel's closing argument.  The second example that Petitioner provides, Counsel's failure to address the credibility of the officers' testimony about the door to 7 Riverview Court, was also thoroughly investigated and presented to the jury.  Counsel repeatedly questioned Officer Giordano on the subject and addressed the issue in their closing argument.  Furthermore, while Counsel did not call the two witnesses that Petitioner specifically references, the record reflects that Counsel called numerous other witnesses in the course of the trial, including six police officers, a manager at the Newark Housing Authority, and the criminal investigator at the New Jersey Federal Public Defender's Office.  Such strategic choices regarding which witnesses to call is not indicative of deficient representation.  *See Strickland*, 466 U.S. at 690 ("Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

In addition, while Petitioner avers that Counsel failed to present a defense of police misconduct on his behalf in neglecting to call these witnesses, the potential police misconduct was in fact one of the main arguments presented to the jury by Counsel.  Counsel extensively examined the credibility of the police officers regarding their ability to view the events preceding the arrest.  In fact, most of Counsel's closing argument was devoted to undermining the testimony of the officers and suggesting to the jury that their testimony was too incredible to be believed.  As such, Petitioner has failed to meet the *Strickland* standard of deficient performance.

Additionally, even were the Court to assume for the sake of argument that Counsel's performance was deficient, the Court notes that Jackson has made no attempt in his section 2255 petition to demonstrate how Counsel's deficiencies resulted in any prejudice. The Supreme Court has held that to meet the prejudice prong of ineffective assistance of counsel test, a petitioner must show that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Strickland*, 466 U.S. at 694. As aforementioned, Counsel exhaustively examined the credibility of the police officers' testimony, which the jury ultimately found to be sufficient. Petitioner's motion puts forth no evidence indicating how the testimony of the two witnesses would challenge the jury's credibility determination in any additional and meaningful way. As such, Jackson fails to carry his burden of establishing both essential prongs of the *Strickland* test - deficiency and prejudice. *See Forte*, 865 F.2d at 62 ("To establish that his representation was constitutionally inadequate a defendant must prove that his attorney's performance was unreasonable under prevailing professional standards and that this performance prejudiced the defense . . . ."). Therefore, the Court rejects for lack of merit the claim that Jackson was denied the effective assistance of counsel.

B.   **Fourth Amendment Claim**

In this section 2255 motion, Petitioner claims that his Fourth Amendment rights were violated by this Court's decision to deny him an evidentiary hearing on his suppression motion. In considering a motion for habeas corpus relief under 28 U.S.C. § 2255, "the appropriate inquiry [is] whether the claimed error of law was a 'fundamental defect which inherently resulted in a complete miscarriage of justice' and whether 'it…presents exceptional circumstances where a

need for the remedy afforded by the writ of habeas corpus is apparent.'" *Casper v. Ryan*, 822 F.2d 1283, 1288 (3d Cir. 1987). A section 2255 motion is not a substitute for appeal, nor may it be used to relitigate matters decided adversely on appeal. *United States v. Orejuela*, 639 F.2d 1055, 1057 (3d Cir. 1981). Because the issue of this Court's refusal to conduct an evidentiary hearing was raised and affirmed by the Third Circuit on direct appeal, Petitioner is barred from challenging the issue in this section 2255 motion. *See United States of America v. Jackson*, 363 Fed. Appx. 208, 209-10 (3d Cir. 2010). Therefore, this Court denies Petitioner's petition to vacate, set aside or correct his sentence.

### C. Certificate of Appealability

This Court must determine whether a certificate of appealability should issue. L.A.R. 22.2. The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As set forth above, this Court concluded that Jackson's Sixth Amendment ineffective assistance of counsel claim lacks merit. It further concludes that Jackson has not demonstrated that jurists of reason would find this assessment debatable or wrong. Therefore, this Court declines to issue a certificate of appealability pursuant to section 2253(c)(2).

### III. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255. A certificate of appealability will not issue. An appropriate form of order will be filed

together with this Opinion.

                                                                 s/ Stanley R. Chesler
                                                    STANLEY R. CHESLER
                                                 United States District Judge

DATED: September 14, 2011